MANUEL MOLDOFSKY, Plaintiff, *v.* TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Defendants.

Supreme Court, Special Term, New York County, July 7, 1950.

*John P. McGrath, Corporation Counsel* (*William S. Lebwohl* and *Philip V. Sherman* of counsel), for defendants.

*Samuel W. Sherman* for plaintiff.

GREENBERG, J.   Motion to dismiss complaint for legal insufficiency (Rules Civ. Prac., rule 106).

Plaintiff, by this action, seeks a declaratory judgment to establish the rights and obligations of plaintiff and defendants with respect to a certain sum of $920.16, representing pension contributions covering the period of plaintiff's services with the armed forces of the United States.

Plaintiff was employed by the New York City Tunnel Authority, predecessor to defendant Triborough Bridge and Tunnel Authority, on July 6, 1936, and continued in his position until November 30, 1947.   During this period he served with the armed forces from November 4, 1942, to September 5, 1945.   He paid over to the defendant New York City Employees' Retirement System, of which he was a member, the sum of $920.16, representing his required contributions for the period of his military service, as provided by chapter 843 of the Laws of 1941.

Plaintiff transferred from the Triborough Bridge and Tunnel Authority to the State Workmen's Compensation Board on December 1, 1947, and terminated his membership in the said city employees' retirement system.   He then applied, as authorized by law, to said city employees' retirement system, for the refund to him of all contributions made by him for the entire period of his employment.   On January 21, 1948, in pursuance of law, said city employees' retirement system provided for payment to plaintiff of the sum of $4,259.04, consisting of all his contributions plus interest and including the sum of $920.16

contributed by plaintiff to said retirement system for the period of his military service.

Thereafter, pursuant to section 59 of the Civil Service Law, and resolution adopted by the board of estimate on December 16, 1948, the said city retirement system also transferred to the New York State Employees' Retirement System an additional sum of $4,014.21, which represented the amount of the reserve payable by the city to the State retirement system which plaintiff joined. It is stated in the defendants' brief that this amount was computed as provided by said section 59 of the Civil Service Law, in accordance with plaintiff's length of membership service in the city employees' retirement system, and included full credit by the city for his period of military service.

Upon plaintiff's transfer from the city employees' retirement system to the State Employees' Retirement System, he made demand upon defendants that he receive a credit of said sum of $920.16, representing his contributions during his active military service, to be regarded as excess contributions, and which he claimed to be entitled to by statute, which demand defendants refused to comply with, and it is alleged that defendant city employees' retirement system paid into the funds of the State Employees' Retirement System, to the credit of plaintiff, a sum of money excluding, however, the said sum of $920.16, as excess contributions. Said sum was received and indorsed by plaintiff under protest.

It is plaintiff's contention that the statutes enacted for the benefit of employees of the city and State who were in military service, are adequately sufficient to entitle plaintiff to the relief sought by this action. In this connection plaintiff relies on section 59 of the Civil Service Law. Defendants contend that under the provisions of subdivision 20 of section 246 of the Military Law, the plaintiff is not entitled to this sum on *transfer* to the State retirement system but that the additional benefit is payable only on *death* or *retirement* while *still a member of the city retirement system*. Defendants state their position, as follows: " Defendants contend that under the specific provisions of the Military Law plaintiff is not entitled to this sum, and that the defendant Triborough Bridge and Tunnel Authority cannot lawfully pay the additional amount except upon retirement or death of plaintiff while still a member of the city retirement system. Civil Service Law section 59 does not provide for any such payment. It furnishes a formula for transfer of reserve amounts computed to cover service credit and this was complied with by defendant New York City Employees' Retirement System."

Subdivision 20 of section 246 of the Military Law provides for payment of pension contributions to cover New York City members during military service, and in paragraph E, thereof, it provides, so far as here deemed necessary: "E. Upon the *death* or *retirement* of a New York city *member,* but *not otherwise,* the city of New York, the Triborough bridge and tunnel authority, or the New York city housing authority (whichever shall have first employed such member after the termination of his military duty) shall pay into the appropriate fund of the system in which such member *held membership at the time of* his *death* or *retirement,* the amount of all contributions which such member would have been required to make if, during the period of his military duty, he had been present and had continuously performed the duties of the position or positions with respect to which his rights and benefits during the corresponding period or portion thereof are determined by the provisions of paragraph B of this subdivision   *   *   * ." (Italics mine.)

In response to the premise advanced by the defendants, plaintiff argues: " Defendant takes the position that under Section 246, Subdivision 20E of the Military Law, the plaintiff can only be entitled to the sum involved herein upon his death or retirement as a New York City Member. However, that particular Subdivision 20E of Section 246 of the Military Law has reference to a situation where the New York City Member of the New York City Employees' Retirement System did not make any contributions during his military service."

Plaintiff then maintains that under the provisions of paragraph F of subdivision 20 of said section 246 of the Military Law it is set forth that where a New York City member has heretofore paid any contributions which the Triborough Bridge and Tunnel Authority is required to pay to such system, that then and in such event the amounts so paid by him are (1) creditable in lieu of regular contributions upon his return as a member to his position, or upon his becoming a member in such system if he did not become a member thereof until after his termination of duty; or (2) payable in addition to other benefits upon separation, in the meanwhile, with benefit.

This particular provision of the Military Law, it is submitted, must be read in conjunction with section 59 of the Civil Service Law, and it is claimed this section specifically provides for the relief requested by plaintiff.

This section relates to transfer of members between systems but does not aid the plaintiff, for the specific provisions of paragraph E of subdivision 20 of section 246 of the Military Law

prohibit payment unless plaintiff remained a member of the city retirement system until he retired or died, and the section does not authorize additional contribution even though plaintiff has terminated his membership in the city retirement system without the occurrence of either of the events upon which the statute makes the payment contingent.

In substance plaintiff's position is that despite the specific provisions of paragraph E of subdivision 20 of section 246 of the Military Law prohibiting payment, the general provisions of the transfer statute (Civil Service Law, § 59, subd. c) require such payment. This position is not a tenable one; the specific statute will control over general provisions, and, moreover, the general provisions do not provide for this payment in the absence of the occurrence of the two contingent events, hereinabove mentioned.

In other words, under the express provisions of the statute, i.e., only upon death or retirement, but not otherwise, is the additional payment for the military service to be made (Military Law, § 246, subd. 20, par. E) and unless and until such event occurs there is no claim of payment due from any agency for this purpose. These events not having occurred, plaintiff is not entitled to the declaration sought and has no cause of action, for the reasons stated.

The motion is accordingly granted and the complaint dismissed. Settle order.